UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY HILL,

    Plaintiff,

v.                                      Case No:   8:16-cv-1899-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.[1]

_____

## **OPINION AND ORDER**

Plaintiff, Tammy Hill, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill is substituted as the defendant in this case.

death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

## B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If

the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff protectively filed an application for SSI on July 5, 2012, alleging a disability onset date of April 1, 2012. (Tr. 237-42, 279). Plaintiff's application was denied initially on August 29, 2012, and on reconsideration on November 2, 2012. (Tr. 156-62, 166-71). Plaintiff requested a hearing and one was held before Administrative Law Judge Jonathan Baird ("the ALJ") on July 28, 2014. (Tr. 19-77). On October 1, 2014, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 133-53). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on May 3, 2016. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) on June 30, 2016. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 5, 2012, the alleged onset date. (Tr. 138). At step two, the ALJ found that Plaintiff had the following severe impairments: low back pain, temporomandibular

joint, obesity, headaches, Major Depressive Disorder, and a cognitive disorder. (Tr. 138). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 138).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant is limited to occasional balancing, stooping, kneeling, crouching and crawling. The claimant is restricted from climbing ladders, ropes, or scaffolds, but may occasionally climb ramps or stairs. The claimant is limited to frequent fingering, handling and reaching bilaterally. The claimant must avoid work environments with extreme cold and wetness. The claimant is limited to simple, routine, repetitive tasks, and cannot understand, remember, or carry out detailed instructions. The claimant can tolerate no more than occasional proximity to and/or interaction with the general public. Work must be in a low stress job, defined as only occasional decision making and occasional changes in work setting.

(Tr. 140). At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a department store stocker, convention service worker, and assistant. (Tr. 146).

At step five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy Plaintiff can perform. (Tr. 146). Relying on the testimony of a vocational expert, the ALJ found that could perform the jobs of table worker, bench hand, and surveillance system monitor. (Tr. 147). The ALJ concluded that Plaintiff was not under a disability since July 5, 2012, the date the application was filed. (Tr. 147).

**II.    Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ properly considered the combination of Plaintiff's impairments; (2) whether the ALJ properly considered Plaintiff's

credibility and subjective complaints; and (3) whether the ALJ's RFC and hypothetical question to the VE was supported by substantial evidence.

The Court begins with the second raised issue, i.e., whether the ALJ properly considered Plaintiff's credibility and subjective complaints. Plaintiff contends that the ALJ erred by repeatedly citing to the credibility finding contained in a previous unfavorable decision entered by ALJ Richard Oullette on April 2, 2010. (Doc. 20 p. 25). Plaintiff argues that it was improper for the ALJ to rely on the credibility finding made by an ALJ rendered two years prior to the adjudicated period at issue in this case. (Doc. 20 p. 26).

Defendant argues that the ALJ properly determined that Plaintiff's statements about the intensity and persistence of her symptoms were not credible given that: (1) Plaintiff's treating sources did not recommend any restrictions, (2) Plaintiff failed to follow up with some medical recommendations, and (3) Plaintiff misrepresented her work history. (Doc. 20 p. 35).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)).

After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. [citations omitted] Failure to

articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d at 1225. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)). The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno v. Astrue*, 366 F. App'x. at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

In this case, the Court finds that the ALJ's finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible is not supported by substantial evidence. The Court agrees with Plaintiff that it was improper for the ALJ to rely so heavily upon the findings of ALJ Oullette in the April 2, 2010 unfavorable decision. In the instant decision, while considering Plaintiff's credibility, the ALJ devoted three paragraphs to ALJ Oullette's findings concerning Plaintiff's credibility:

> The undersigned also acknowledges the previous denial by Administrative Law Judge Richard Oullette in April 2010, two years prior to the claimant's motor vehicle accident. At the time, Judge Oullette outlined the claimant's similar allegations, including an ability to walk, stand, or sit for long, or lift more than ten pounds, as well as her false testimony related to work activity, that she was apparently doing while she had her alleged limitations. Judge Oullette also noted that multiple treating sources felt the claimant was magnifying her symptoms. Moreover, the claimant was making similar allegations four years prior to her motor vehicle accident. Whereas several practitioners questioned the claimant's honesty and suspected symptom magnification, and the claimant was working at substantial gainful activity levels. Judge Oullette found the claimant's allegations were not credible (Exhibit C1A). Neither objective medical evidence, nor the testimony of the claimant, establishes that the claimant's ability to function has been severely impaired as to preclude all types of work activity.

> . . . .
>
> In the previous denial by Administrative Law Judge Richard Oullette in April 2010, the claimant also complained of hallucinations. A psychological evaluation at the time included suspicion of malingering. Judge Oullette mentioned that several practitioners questioned the claimant's honesty and suspected symptom magnification, and the claimant was working at substantial gainful levels. As previously noted, Judge Oullette found the claimant's allegations were not credible (Exhibit C1A).
>
> . . . .
>
> The undersigned notes the previous denial by Administrative Law Judge Richard Oullette in April 2010, two years prior to the claimant's motor vehicle accident. As previously mentioned, Judge Oullette noted that multiple treating sources felt the claimant was magnifying her symptoms and found the claimant's allegations were not credible (Exhibit C1A). While the undersigned notes that the claimant was since involved in a motor vehicle accident, and she does have significant degenerative disc disease, she was reporting similar symptoms prior to the motor vehicle accident. The undersigned is not persuaded that the claimant is unable to do any type of work.

(Tr. 143-145).

By the ALJ's own admission, ALJ Oullette's credibility finding was made before Plaintiff's April 2012 motor vehicle accident which, the record shows, "aggravated her degenerative symptoms." (Tr. 142). Given the new evidence since ALJ Oullette made his credibility finding, it is ambiguous at best as to how his finding relates to Plaintiff's credibility in the instant case. Evidently, the ALJ found that Plaintiff's credibility had increased, assessing an RFC of a limited range of sedentary work, while ALJ Oullette had found only an RFC of a limited range of light work. While the ALJ notes that ALJ Oullette found that some practitioners suspected symptom magnification, the ALJ fails to identify this evidence in the record himself, relying solely on ALJ Oullette's findings. It is unclear if these practitioners' findings are even present in the current record.

Defendant contends that the ALJ cited ALJ Oullette's decision "to show Plaintiff had alleged symptoms similar to those alleged in the current matter and did so while she continued to work." (Doc. 20 p. 31, footnote 5). It is unclear, however, how this fact is relevant to the instant case. In the previous case, Plaintiff had alleged an onset date in 2003 but her work history showed that she had performed substantial gainful activity through 2009. (Tr. 84-85). ALJ Oullette found that Plaintiff's was not credible, in part, because of this inconsistency. (Tr. 86-92).

In this case, however, Plaintiff has alleged that she became disabled on April 1, 2012. (Tr. 237). The record indicates that Plaintiff had no earnings for 2010 through 2014. (Tr. 277). The fact that Plaintiff misreported her earnings through 2009 sheds little light on Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms since April 1, 2012, especially in light of the automobile accident which aggravated her degenerative symptoms.

Defendant also contends that the ALJ "only mentioned" ALJ Oullette's in three paragraphs in the decision and did not treat ALJ Oullette's decision as medical evidence. (Doc. 20 p. 31). The length of the block quotes above demonstrates the depth in which the ALJ considered ALJ Oullette's findings. The fact that the ALJ cited to ALJ Oullette's decision three times demonstrates the importance the ALJ placed in this previous credibility finding, even if he did not treat it as a medical opinion. The ALJ erred by basing his credibility finding on ALJ Oullette's credibility finding. Upon remand, the Court will require the ALJ to re-evaluate Plaintiff's credibility and to perform further proceedings as deemed necessary.

As the ALJ's error in analyzing Plaintiff's credibility is interrelated with the remaining issues, the Court will defer from addressing them at this time.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to

sentence four of Section 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 20, 2017.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties